Battle, J.
 

 The validity of the judgment rendered in the Court below, against the lessors of the plaintiff, for the costs of the suit is impeached, upon the ground, that they were no parties to the suit. In support of this position, the well-known rule, that upon the death of the plaintiff in an action of ejectment the suit does not abate is relied upon ; see
 
 Thomas
 
 v. Kelly, 13 Ired. 43;
 
 Wilson v. Hall,
 
 Ibid. 489.
 

 The reason why an abatement does not take place in such a case, is founded upon the peculiar nature of the action, hut from that it does not follow that the lessor is not a party to the suit. He is certainly such, for the purpose of being' compelled to give security for the prosecution of the suit, and if there be a nonsuit,'he may be compelled to pay the costs j see Revised Code, chap. 31, sec. 45 ;
 
 Thomas
 
 v.
 
 Kelly
 
 supra. It is certain that the lessor is regarded by the courts as so much a party, that upon a recovery, he is the person to be put into possession of the land recovered, and that the action for the mesne profits may be maintained in his name, as well as in that of his nominal lessee ;
 
 Holdfast
 
 v.
 
 Shepard,
 
 9 Ired. 222. If, then, the courts permit the lessor of the plaintiff, in ejectment, to take all the benefits of a recovery in the
 
 actionT
 
 we cannot perceive any just reason why, upon a failure, he-may not have- a judgment rendered against Mm. for the costa,.
 
 *91
 
 That in such a case he may he ordered to pay costs is directly decided in
 
 Scott
 
 v.
 
 Sears,
 
 9 Ired. 87.
 

 But it is insisted for the plaintiffs, that the only mode by which the payment of costs can be enforced against the lessor is by attachment, and for this position 2 Arch. Prac. 56,’.is cited as a conclusive authority. Supposing that such is the English practice, we are not bound to adopt it when the milder one of an execution against the property of the party will-answer the same purpose. That the latter mode may always be adopted, when an attachment would lie against a party to enforce the payment of costs, we intimated in case of the
 
 Clerks’ office
 
 v
 
 Allen, 1
 
 Jones, 156.
 

 Our conclusion is, that the Court below did not err in refusing to set aside the judgment and execution which had been rendered at a previous term against the lessors of the plaintiff.
 

 In his argument here, the counsel for the lessors have alleged, that their names were used without their knowledge or consent. We find no evidence tending to support the allegation, either on the record proper, or in the bill of exceptions.. But if it were true, it could not affect the rights of the defendants t©> recover their costs. The only remedy of the lessors, would-be against the person or persons who had, without authorityr used their names in such a manner as to subject them to damage.
 

 Per Curiam, Judgment affirmed..